IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY FONTANEZ,

    Petitioner,

v.                                              Case No. 5:14cv77
                                                   (Judge Stamp)

TERRY O'BRIEN Warden,

    Respondent.

## REPORT AND RECOMMENDATION

The *pro se* petitioner, Jeremy Fontanez, initiated this habeas action pursuant to 28 U.S.C. § 2241 on June 4, 2014. On June 23, 2014, he filed his petition on this Court's approved form, and on July 2, 2014, he paid the $5 filing fee. On July 2, 2014, the respondent was directed to show cause why the petition should not be granted. The respondent filed a Motion to Dismiss or for Summary Judgment and Response on July 22, 2014. On July 23, 2014, a Roseboro Notice was issued. On July 30, 2014, the petitioner filed a Traverse. Accordingly, this case, before me for a report and recommendation pursuant to LR PL P § 2, et seq., is ripe for review

### I. Factual History

In a superseding indictment, returned on March 4, 2013, in the United States District Court for the Eastern District of Pennsylvania, the petitioner was charged in 23 of 25 counts that arose out of a series of armed robberies in commercial establishments from November 9, 2001, to October 13, 2002. In return for an agreed upon sentence and the dismissal of ten counts, the petitioner entered into a plea agreement which included a waiver of his right to appeal and to collaterally attack his sentence under § 2255.

1

On December 16, 2004, the petitioner was sentenced to a term of incarceration of 420 months, to be followed by five years of supervised release. In addition, the petitioner's sentence included a requirement that he pay restitution in the amount of $27,972.61. The Court directed that a lump payment of $1400.00 was due immediately. The Court also provided the following special instructions regarding payment of the petitioner's criminal penalties: "Defendant shall make restitution payments from any wages he may earn in prison in accordance with the Inmate Financial Responsibility program. Restitution shall be due immediately. Any balance remaining upon release from custody shall be paid at a rate determined by the United States Probation Office." (Doc. No. 9-1, p. 17).

On April 8, 2013, the petitioner was designated to USP Hazelton, which is located in Bruceton Mills, West Virginia. On April 15, 2013, the petitioner signed a plan in which he agreed to pay $25.00 from his inmate account each month, beginning in June 2013, until his financial obligation was satisfied. By signing this form, the petitioner indicated that he had been provided with information regarding the potential consequences of a refusal on his part to participate in the Inmate Financial Responsibility Program ("IFRP").

## II. Arguments Presented

### A. Claims by the Petitioner

The petitioner alleges, in effect, that the sentencing court improperly delegated authority to the Bureau of Prisons ("BOP") to schedule his payments towards restitution. The petitioner requests that this Court recognize the violations of due process and 18 U.S.C. § 3664(f)(2) and permanently enjoin the BOP from further obligating him to participate in the IFRP.

### B. Respondent's Contentions

In response to the Order to Show Cause, the Respondent contends that this case should be dismissed because:

1. The petitioner's enrollment in the IFRP did not violate his rights; and

2. The petitioner failed to exhaust his administrative remedies.

**C. Petitioner's Reply**

In his Traverse, the petitioner notes that although the respondent relies on 18 U.S.C. § 3572, the controlling statute is, in fact, 18 U.S.C. § 3664(f)(2), and as such, a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or Probation Officer.[1] The petitioner maintains that the sentencing court determined that his financial circumstances prevented him from being able to pay restitution immediately. Therefore, the court had a legal and statutory responsibility to set a specific payment schedule and amount for each payment in accordance with § 3664(f)(2). The petitioner maintains that despite this responsibility, the court ordered payments due immediately and delegated its authority to the BOP to set details and schedule payments. The petitioner concludes by noting that the BOP may properly use the IFRP as a mechanism to collect an inmate's financial obligations as ordered by the sentencing court. However, the petitioner argues that his order is void as unlawful, and therefore, the BOP's authority and jurisdiction can no longer attach to the continued execution of the sentence.

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,

---

[1] The petitioner cites to United States v. Miller, 77 F.3d 71 (4th Cir. 1996) for this proposition.

it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in

4

Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage

5

mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

## IV. Analysis

### A. Exhaustion of Administrative Remedies

In the response to the petition, the respondent argues that the instant § 2241 petition should be dismissed because the petitioner failed to exhaust his administrative remedies. The petitioner maintains that the respondent's argument is without merit and is misplaced.

The undersigned does not dispute that the PLRA mandates the exhaustion of administrative remedies, or that similar principles have been applied in habeas corpus actions. However, the requirements of the PLRA are applicable to civil suits in which a prisoner challenges the conditions of his confinement, not habeas proceedings challenging the execution of a sentence under 28 U.S.C. § 2241. See LaRue v. Adams, 2006 WL 1674487 *5 - *7 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) *cert. denied*, 521 U.S. 113 (1997)).[2]

---

[2] In LaRue, the Southern District of West Virginia noted that the purpose of the PLRA was to curtail the filing of frivolous prisoner civil rights actions. LaRue 2006 WL 1674487 at *7. In addition, the Court found it significant that Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) nearly simultaneous with the PLRA and that under the AEDPA Congress established separate procedures for addressing abusive habeas filings. Id. Moreover, the Court found that habeas actions were not typical civil actions because they involve someone's liberty, rather than claims of mere civil liability. Id. The Southern District cited several other district and circuit court cases that have also come to the conclusion that the PLRA and its exhaustion requirements are not applicable to habeas corpus proceedings. Id. (listing cases). The undersigned agrees with the reasoning of the Southern District of West Virginia and finds that a prisoner's challenge to the execution of his sentence under § 2241 is not subject to the PLRA's exhaustion requirements.

6

Moreover, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See Larue at *8 (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

In this matter, the case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

B. **Sentencing Order and Restitution**

The Third Circuit, in which the petitioner was convicted, has addressed a situation comparable to that presented in this case. In United States v. Corley,[3] the United States District Court for the Eastern District of Pennsylvania, entered a judgment of conviction and directed the defendant to pay, inter alia, restitution and which directed that "payment [was] to begin immediately." 500 F.3d at 224. The Court further ordered that the defendant make payments on his restitution and fines from any wages he may earn in prison in accordance with the BOP's IFRP with the restitution and fine being due immediately with any balance after release being paid at a rate of

---

[3] 500 F.3d 210 (3rd Cir. 2007),

no less than $100.00 per month. The Court of Appeals on direct appeal vacated the restitution order and remanded for the District Court to re-sentence with respect to the restitution, finding that the District Court's order had impermissibly delegated to the BOP, its core judicial function of setting a schedule of repayment for restitution and finding that the plain language of the MVRA contradicts and thus overrides the BOP's IFRP regulations permitting it to require periodic payments from prisoner accounts to pay restitution. Id. at 225.[4]

Therefore, if the petitioner's sentencing order had been issued after August 31, 2007, the date of the Corley decision, and if he had appealed the order to the Third Circuit, it is likely that the sentencing court's order would have suffered the same fate as the order in Corley. However, the petitioner's sentence was entered several years before Corley, and although he filed a direct appeal, he did not challenge the validity of the sentencing order. Therefore, the issue to be decided is whether the petitioner can request that this Court vacate the restitution portion of his Sentencing Order via the § 2241 at hand.

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for

---

[4]Likewise, in the Fourth Circuit, a district court may not delegate its authority to set the amount and timing of restitution to the BOP or a probation officer, without retaining ultimate authority over such decisions. United States v. Miller, 77 F .3d 71, 77-78 (4th Cir. 1996). "[T]he statutory duty imposed upon district courts to fix the terms of a fine must be read as exclusive because the imposition of a sentence, including the terms of probation or supervised release, is a core judicial function." Id. at 78; see also 18 U.S.C. § 3572(d).

challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135. Here, the petitioner's arguments goes to the sentence as imposed and hence, cannot generally be brought via a Section 2241 petition.

However, the undersigned recognizes that a Section 2255 motion is not an available means by which to attack solely the restitution portion of a sentence such the petitioner does herein. United States v. Walker, 149 Fed.Appx. 55, 57 (3d Cir. 2005)("Furthermore, numerous courts have recognized that '§ 2255's language clearly and unambiguously limits its applicability to defendant seeking release from custody. It is not available to those, like the defendant, who challenge only fines or restitution orders.' United States v. Kramer, 195 Fed 3rd 1129, 1130 (9th Cir. 1999)(citing cases). Thus, even if Walker were challenging the terms of the restitution order per se (which he clearly is not doing), he could not raise that claim in the sentencing court by § 2255 motion."); Easton v. Williamson, Unpublished, 2008 WL 587859, at *1 (3d Cir. March 5, 2008) ("Ordinarily, challenges to a restitution order are not cognizable under § 2255.").

However, the undersigned has found no case which has held that merely because a section 2255 motion is not available to attack solely the restitution aspect of his sentence as imposed (versus, the sentence as executed), then a Section 2255 motion is inadequate or ineffective and so a Section 2241 petition is available. See Trader v. United States, ___ Fed.Appx. ____, 2008 WL 227-8493, at *1, (3d Cir. June 3, 2008) ("We also agree with the District Court in so far as it concluded that Trader's claim does not fall within the purview of § 2241. Trader did not challenge the execution of his sentence. Instead, he essentially alleged that the sentencing court failed to follow the strictures

9

of the MVRA.").

Furthermore, even if section 2255 were inadequate or ineffective such that the petitioner could bring his challenge via a section 2241 petition, his claim would still fail. The petitioner merely claims that the Sentencing Court failed to abide by statutory requirements of the MVRA, and in particular, 18 U.S. Code § 3664. However, a claim, such as the petitioner's, raised in a collateral attack that does not raise a claim of a constitutional violation but merely a statutory violation, must show that a violation of the federal statute resulted in a "'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" United States v. Timmreck, 441 U.S. 780, 784 & 785 (1979); Johnson-Howell v. McKune, 208 Fed 3rd 226 (Table), 2000 WL 223561, at *3 (10th Cir. 2000). In addition, the petitioner must show prejudice from the alleged statutory error. Peguero v. U.S., 526 U.S. 23 (1999).

Clearly, an order that petitioner pay his restitution while incarcerated through the IFRP falls far short of a complete miscarriage of justice. Furthermore, in an absence of a claim that the Sentencing Court would not and/or could not have required the petitioner to pay $25.00 per month, which is what the BOP established, the petitioner has failed to show prejudice.

## V. Recommendation

For the foregoing reasons, the undersigned recommends the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 8) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **DISMISSED with prejudice**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.

10

A copy of such objections shall also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: September 30, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE