IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY FONTANEZ,

    Petitioner,

v.                                           Civil Action No. 5:14CV77
                                                               (STAMP)

TERRY O'BRIEN, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On June 4, 2014, the petitioner filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of his 2004 conviction and sentence, by way of entering a plea agreement, in the United States District Court for the Eastern District of Pennsylvania. The petitioner was initially charged in 23 counts of a 25-count multi-defendant indictment that arose out of a series of armed robberies that spanned over almost a year. The plea agreement thus encompassed the dismissal of ten counts and a reduced sentence in exchange for a waiver of the petitioner's habeas and collateral rights. The petitioner was sentenced to 420 months with five years of supervised release to follow. Also, he was required to pay

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

$27,972.61 in restitution with an initial lump sum payment of $1,400.00. When designated to the United States Penitentiary Hazelton ("USP Hazelton"), he signed a plan wherein $25.00 would be withdrawn from his account every month through the Inmate Financial Responsibility Program ("IFRP").

The petitioner argues that his right to due process and the applicable statute, 18 U.S.C. § 3664, have been violated because the sentencing court delegated authority to the Bureau of Prisons ("BOP") and the BOP should be enjoined from collecting money from the petitioner through the IFRP.

Pursuant to Local Rule of Prisoner Litigation Procedure 2, this petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation. After a preliminary review, the magistrate judge ordered the respondent to answer, and the respondent filed a motion to dismiss, or alternatively, motion for summary judgment. The petitioner responded to the motion following the issuance of a Roseboro[2] notice, and Magistrate Judge Kaull entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his right to file material in response to a motion for summary judgment).

available to this petitioner as a vehicle by which to obtain the relief sought.

## II. Facts

To reiterate, the petitioner contends that the BOP is incorrectly collecting money from the petitioner because the sentencing court cannot delegate its authority over such matters to the BOP. The government responded that the IFRP does not violate the petitioner's rights and the petitioner has failed to exhaust his administrative remedies. In reply, the petitioner contends that the government has relied on an incorrect statute and that the sentencing court was required to maintain responsibility for the payment of restitution, and not forfeit that responsibility to the BOP. The petitioner adds that the IFRP may be used but only if ordered by the sentencing court. Further, the petitioner contends that he was not required to exhaust his administrative remedies.

The magistrate judge recommended that the petitioner's § 2241 petition be denied and dismissed with prejudice. However, the magistrate judge found that he could waive the exhaustion requirement as this was a habeas proceeding challenging the execution of the petitioner's sentence. The magistrate judge then went on to review United States Court of Appeals for the Third Circuit precedent, United States v. Corley, 500 F.3d 210 (3d Cir. 2007). The magistrate judge found that the ruling in Corley is in the petitioner's favor, but was entered after the petitioner had

been sentenced. Further, the magistrate judge found that the petitioner's request should have been brought as a § 2255 because the relief sought would not have been inadequate or ineffective. Finally, the magistrate judge found that even if petitioner were allowed to proceed via a § 2241 petition, he would not prevail as he cannot raise a constitutional violation but only a statutory violation which requires a "complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure."

The petitioner then filed objections reiterating his arguments that the withdraws pursuant to the IFRP are in violation of 18 U.S.C. § 3664 and his due process rights. Further, he contends that his sentence was final, his direct appeal and § 2255 were denied, before <u>Corley</u> was entered and he is thus entitled to relief.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

### III. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the

4

petitioner filed objections to the report and recommendation, the Magistrate Judge's recommendation will be reviewed de novo.

IV. Discussion

This Court first finds that the magistrate judge correctly waived the exhaustion requirement as this matter was ripe for review at the time the report and recommendation was entered. See Larue v. Adams, No. 1:04-0396, 2006 WL 1674487, at *5-*7 (S.D. W. Va. June 12, 2006) (citation omitted). As such, this Court may consider the merits of the petitioner's claims.

Further, this Court finds that the magistrate judge correctly found that Corley was inapplicable to this action as that judgment was issued on August 31, 2007 and the petitioner's judgment was entered in 2004 and he did not raise such an issue on direct appeal. Additionally, this Court agrees with the magistrate judge that even if § 2255 was an inadequate or ineffective remedy and thus the petitioner could bring his § 2241 pursuant to the "savings clause," his claim would still fail.

In this action, the petitioner asserts that a statutory requirement has not been met. Thus, he must also show that the violation of that statue resulted in a "'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" United States v. Timmreck, 441 U.S. 780, 784-85 (1979). The IFRP offers prisoners an avenue for making payments toward a monetary penalty imposed by the court. Further,

5

the petitioner recognizes that the sentencing court could have stated in its judgment and conviction order that the IFRP be used to fulfill the petitioner's restitution payments. As such, the petitioner has not shown that requiring the petitioner to pay his restitution through the IFRP constitutes a complete miscarriage of justice.

V. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation (ECF Nos. 13) in its entirety. Accordingly, the respondent's motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 8) is GRANTED. Further, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to

counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 20, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE