# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEREMY FONTANEZ,**

      **Petitioner,**

v.                                                **Civil Action No. 5:14-CV-77**

**TERRY O'BRIEN, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

**I.**    **Background**

The *pro se* Petitioner, Jeremy Fontanez, pled guilty to his involvement in a series of armed robberies. The Eastern District of Pennsylvania sentenced the Petitioner to 420 months in prison and imposed restitution in the amount of $27,9721.61. The sentencing court provided that:

> Defendant shall make restitution payments from any wages he may earn in prison in accordance with the Inmate Financial Responsibility Program. Restitution shall be due immediately.

The Inmate Financial Responsibility Program ("IFRP") is a voluntary program operated by the Bureau of Prisons ("BOP"). Based on this sentence, the Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2241. The crux of the Petitioner's argument is that the sentencing court improperly delegated its sentencing authority to the BOP by mandating that his restitution be paid through the IFRP.

The undersigned issued a Report and Recommendation, which was adopted by the District Court, recommending that the Petition be dismissed. The undersigned reasoned that the Petitioner was challenging the sentence imposed as an unlawful delegation to the BOP. Thus, his challenge

under § 2241, which allows challenges to the execution of a sentence and not the actual sentence, was improper. Therefore, neither the undersigned nor the District Court reached the merits of the Petitioner's claim.

The Fourth Circuit Court of Appeals reversed and remanded. The Fourth Circuit held that a challenge to the BOP's administration of the IFRP is a challenge to the execution of the sentence thus, it is a proper claim under § 2241. After the mandate was issued, this matter was referred to the undersigned Magistrate Judge for further proceedings consistent with the Fourth Circuit's opinion.

On June 16, 2016, an Order to Show Cause was entered directing Respondent to show cause why the writ should not be granted, and in so doing, address those rulings set forth by the Fourth Circuit. ECF No. 33. On July 6, 2016, Respondent filed a Motion to Dismiss or Alternatively for Summary Judgement and Response to Order to Show Cause. ECF No. 36. A Roseboro Notice was issued on July 8, 2016 [ECF No. 38], and on July 28, 2016, Petitioner filed his opposition. ECF No. 40.

## II.     Standards of Review

### A.     **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (citations omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Moreover, in *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States*, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal*, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

### B. Summary Judgment

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.*, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

### III.  Discussion

As previously noted, the sentencing court ordered that Petitioner pay a $1400 lump sum of restitution immediately and the remaining amount, also due immediately, be paid from any wages he earned in prison in accordance with the IFRP. Therefore, the Petitioner argues that the sentencing court improperly delegated the scheduling of restitution to the BOP by ordering his restitution paid pursuant to the IFRP. ECF No. 1-1. Specifically, the Petitioner argues that the sentencing court

improperly delegated its authority in violation of 18 U.S.C. § 3664(f)(2) which provides that, "[u]pon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid. . . ." The undersigned is unpersuaded by the Petitioner's argument.

The Petitioner cites several cases that support his position. The cases relied on by the Petitioner, however, are from other circuits and therefore, are not binding on this Court. First, in *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005) the court held that the sentencing court improperly delegated its responsibility to the BOP by ordering restitution to be paid through the IFRP. Second, in *United States v. Corley*, 500 F.3d 210, 224 (3d Cir. 2007) *abrogated by* 556 U.S. 303, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009) the court held that the sentencing court improperly delegated its responsibility by ordering the restitution due immediately and payable in increments through the IFRP. Third, in *United States v. Prouty*, 303 F.3d 1249, 1254 (11th Cir. 2002) the court held that a sentencing court that imposed restitution due immediately improperly delegated its responsibility to schedule payments to the BOP when the defendant could not pay the full amount immediately.

In contrast, the weight of authority within the Fourth Circuit cuts against the Petitioner's argument. Indeed, this Court addressed this same issue in *Satcher v. Wilson*, No. 5:15CV152, 2016 WL 4098550, at *1 (N.D.W. Va. July 29, 2016). In *Sacher,* this Court discussed that, "under 18 U.S.C. § 3572(d) '[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.'" The sentencing court in *Sacher* ordered stated that,

> [T]he defendant has agreed to participate in the [IFRP], . . . [and that] [u]nless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment through the **Bureau of Prisons' Inmate Financial Responsibility Program**.

*Id.* at *2 (emphasis original) (quotations omitted). Thus, "the sentencing court did not order 'payment on a date certain or in installments.' Accordingly, Satcher's restitution was payable immediately under § 3572(d). Therefore, the sentencing court ordered the amount and timing of restitution, and the sentencing court merely permitt[ed] [Satcher] to pay his [restitution] . . . through the BOP's financial program." *Id.* (alterations original) (citations omitted). Similarly here, the sentencing court determined the amount of restitution, and that it was due immediately.

Moreover, *Sacher* is not an isolated case. Indeed, this Court has consistently reached the same result on similar facts. *See United States v. Harris*, No. 2:07CR7 14, 2009 WL 3046746, at *2 (N.D.W. Va. Sept. 18, 2009) (holding that "[w]here the sentencing court has ordered immediate payment of a criminal fine, the BOP has discretion to place an inmate in the IFRP" and the court does not need to establish a payment plan); *Mubang v. O'Brien*, No. 2:13 CV 77, 2014 WL 1513422, at *5 (N.D.W. Va. Apr. 16, 2014) (holding that because the sentencing court determined the amount of fine and that it was due immediately the sentencing court did not improperly delegate its authority to the BOP).

IV.     **Recommendation**

Accordingly, it is **RECOMMENDED** that the Petition [ECF No. 1] be **DISMISSED**, and the Respondent's Motion to Dismiss or Alternatively for Summary Judgement ECF No. 36] be **GRANTED**.

Within fourteen days after being served with a copy of this report and recommendation, any

party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

ENTER: January 9, 2017.

                    */s Michael John Aloi*
                    MICHAEL JOHN ALOI
                    UNITED STATES MAGISTRATE JUDGE