```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JEREMY FONTANEZ,

       Petitioner,

v.                                      Civil Action No. 5:14CV77
                                                      (STAMP)

JOSEPH COAKLEY,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING AS FRAMED
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING PETITIONER'S OBJECTIONS,
GRANTING IN PART AND DENYING IN PART
RESPONDENT'S MOTION TO DISMISS OR,
ALTERNATIVELY, FOR SUMMARY JUDGMENT AND
GRANTING AS FRAMED § 2241 PETITION**

The petitioner, Jeremy Fontanez ("Fontanez"), filed this pro se petition under 28 U.S.C. § 2241 challenging the respondent's administration of the restitution ordered by the sentencing court. The respondent ("the Warden") filed a motion to dismiss the petition or, alternatively, for summary judgment. The magistrate judge entered a report recommending that the respondent's motion be granted. Fontanez then filed timely objections to the report and recommendation. For the following reasons, the magistrate judge's report and recommendation is affirmed and adopted as framed, the respondent's motion to dismiss or, alternatively, for summary judgment is granted in part and denied in part, the petitioner's objections are overruled, and the petitioner's § 2241 petition is granted as framed.

## I. Background

Fontanez plead guilty to involvement in several armed robberies. The United States District Court for the Eastern District of Pennsylvania sentenced Fontanez to a total of 420 months of imprisonment, and imposed restitution in the amount of $27,972.61. The sentencing court ordered that Fontanez "shall make restitution payments from any wages he may earn in prison in accordance with the Inmate Financial Responsibility Program," and ordered that "[r]estitution shall be due immediately." ECF No. 36-1 at 19. When Fontanez began serving his term of imprisonment, he voluntarily entered into the Inmate Financial Responsibility Program ("IFRP") and agreed to pay $25.00 each quarter toward restitution. The Bureau of Prisons ("BOP") then began collecting restitution payments from Fontanez's IFRP account. About a year later, Fontanez filed a written request to be released from the IFRP, arguing that it violates the Mandatory Victims Restitution Act, 18 U.S.C. § 3664. The Warden denied Fontanez's request on the ground that he believed the sentencing court's restitution order required Fontanez to participate in and make payments through the IFRP. Fontanez exhausted his administrative remedies and then filed this § 2241 petition arguing that the restitution order violates 18 U.S.C. § 3664 because it delegates the sentencing court's authority to set the time, amount, and manner of restitution payments to the BOP.

The Warden then filed a motion to dismiss. This Court granted that motion, concluding that Fontanez's claim sought to challenge the validity of the restitution order rather than the execution of his sentence, and thus was not cognizable under § 2241 and did not meet the requirements of § 2255's savings clause. Fontanez appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed and remanded, concluding that, as the arguments had been clarified on appeal, Fontanez was attacking only the BOP's administration of the IFRP and not the validity of the restitution order itself. The court held that "an inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under . . . § 2241." ECF No. 24 at 7-8. The court remanded for a determination of whether it is necessary to reach the merits of Fontanez's petition and whether the BOP's refusal to allow Fontanez to withdraw from the IFRP was unlawful. The court also

> observe[d] that the distance between the parties appears to have narrowed as the issues have been refined on appeal. Fontanez challenges the Warden's refusal to let him stop making payments through the IFRP. The Warden now takes the position that "the IFRP is a purely voluntary program" and that Fontanez "is entitled to stop participating at any time."

ECF No. 24 at 8.

On remand, the Warden then filed a new motion to dismiss or, alternatively, for summary judgment, arguing that Fontanez's petition is now moot because the Warden now concedes that the IFRP

3

is voluntary and that Fontanez may stop participating at any time. The Warden, alternatively, argues that Fontanez's petition fails on the merits because the restitution order did not require him to participate in the IFRP.

Magistrate Judge Aloi entered a report recommending that this Court grant the Warden's motion. He concluded that the petition fails to state a claim under § 2241 because the restitution order does not violate § 3664. Fontanez filed timely objections, arguing that the restitution order violates § 3664 and unconstitutionally delegated the sentencing court's power to impose restitution by requiring him to make payments through the IFRP as administered by the BOP. The magistrate judge did not address the issue of whether the Warden properly refused to allow Fontanez to withdraw from the IFRP, and Fontanez did not discuss this issue in his objections.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). This Court will also address de novo, for

4

the purpose of clarity, the issue of the Warden's initial refusal to allow Fontanez to stop making payments.

To survive a motion to dismiss under Rule 12(b)(6), "a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully." Hall v. DirectTV, __ F.3d __, 2017 WL 361065, 4 (4th Cir. 2017). "[C]ourts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." Id. Further, "a [pleading] is to be construed liberally so as to do substantial justice." Id. (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v.

5

Liberty Lobby, 477 U.S. 242, 248 (1986).  A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id.  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23.  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."

6

Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted). The nonmoving party must produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it." Id. (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 251).

## III. Discussion

The Fourth Circuit's mandate requires this Court to consider Fontanez's petition and the Warden's motion in the following context. First, Fontanez's petition challenges only the Warden's refusal to permit his withdrawal from the IFRP. Second, the Warden now concedes that Fontanez may withdraw from the IFRP at any time. Third, the Warden initially refused to permit Fontanez's withdrawal from the IFRP because he took the position that the restitution order required Fontanez to participate in the IFRP. Fourth, Fontanez may not challenge the validity of the restitution order in these proceedings, but its validity is relevant regarding the Warden's reasons for denying Fontanez's request to withdraw from the IFRP. As noted above, the magistrate judge's report and recommendation deals only with the validity of the restitution order but not with the limited scope of Fontanez's petition or the Warden's present concession. Thus, under the current posture of the case, this Court considers those issues de novo.

The Warden now argues that Fontanez's petition is moot because the Warden now concedes that Fontanez may withdraw from the IFRP at any time. However, Fontanez is challenging the Warden's prior refusal to permit his withdrawal. Though the Warden now concedes that Fontanez may withdraw from the IFRP at any time, there is no evidence in the record showing that he has been permitted to withdraw. See Doe v. Kidd, 501 F.3d 348, 354 (4th Cir. 2007) (concluding that a case was not moot where the defendants had "not yet voluntarily ceased" the challenged conduct). Thus, the question of whether the Warden earlier abused his discretion in refusing to permit Fontanez's withdrawal is still a live issue.[1]

Because the Warden now concedes that the IFRP is a voluntary program and that Fontanez is permitted to withdraw from it at any time, the Warden's refusal to permit Fontanez's withdrawal from the IFRP was an abuse of discretion unless the sentencing court's restitution order required Fontanez to participate in the IFRP, which Fontanez argues would violate § 3664 and the separation of powers. The magistrate judge determined that the restitution order

---

[1] This Court also notes that a defendant's "'voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice unless it is absolutely clear that the allegedly wrongful behavior would not reasonably be expected to recur.'" Id. (alteration in original) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 189 (2000)). The Warden has not established that Fontanez has been, or will be, permitted to withdraw from the IFRP without a judicial determination in the civil action.

was valid because it merely permits Fontanez to make payments through the IFRP without delegating any authority to the BOP. Fontanez objects to this conclusion. Without ruling on the ultimate validity of the sentencing court's restitution order, this Court finds no clear error in the magistrate judge's conclusion in the report and recommendation.

"[A] district court lacks authority to delegate to the probation officer [or the BOP] the final authority to determine the amount of restitutionary installment payments, without retaining ultimate authority over such decisions." United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996). However, "a prisoner's participation in the BOP's IFRP program is [not] an abdication of the court's 'core judicial function,'" where "the sentencing court has already determined the amount and timing of the [restitution]." Summersett v. Baucknecht, 496 F. Supp. 2d 636, 639-40 (D.S.C. 2007). In such circumstances, "the sentencing court merely permits [the petitioner] to pay his [restitution] . . . through the BOP's financial program." Id. at 639.

The sentencing court expressly ordered Fontanez to pay restitution in the amount of $27,972.61, due immediately. Thus, the sentencing court determined the amount and timing of the restitution and did not abdicate its "core judicial function" or delegate any authority to the BOP. Further, in also stating that restitution payments should be paid "from any wages [Fontanez] may

earn in prison in accordance with the [IFRP]," ECF No. 36-1 at 19, the sentencing court simply permitted Fontanez to make payments through the IFRP while incarcerated, but did not mandate that he participate in the program or delegate to the BOP authority to determine the amount or timing of restitution.  Thus, the Warden was not required by the restitution order to refuse to allow Fontanez's withdrawal from the IFRP and he asserts no other reason for doing so.  In light of such developments, Fontanez's petition must now be granted.  The petition is not now moot.  Rather, the BOP has simply conceded that Fontanez had and has the right to withdraw from the IFRP.  Accordingly, this Court affirms Fontanez's right to withdraw from the IFRP at any time, and denies summary judgment on the withdrawal issue.

## IV. Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (ECF No. 41) is ADOPTED AND AFFIRMED AS FRAMED, Fontanez's objections (ECF No. 43) are OVERRULED, the Warden's motion to dismiss or, alternatively, for summary judgment (ECF No. 36) is GRANTED IN PART AND DENIED IN PART, and Fontanez's petition (ECF Nos. 1, 4) is GRANTED AS FRAMED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made or those that this Court otherwise determined de novo, he is ADVISED that he must file a

notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.[2]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 30, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[2]This Court notes that an appeal is not likely, as the respondent concedes the petitioner's argument and, despite overruling his objections, the petitioner is the prevailing party. However, out of an abundance of caution, this Court has included this notice of the petitioner's right to appeal.