IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY FONTANEZ,

    Petitioner,

v.                                     Civil Action No. 5:14CV77
                                                     (STAMP)
JOSEPH COAKLEY,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION TO CLARIFY
ORDER CONSTRUED AS MOTION UNDER RULE 59(e)**

This Court previously entered a memorandum opinion and order adopting and affirming as framed the magistrate judge's report and recommendation, overruling the petitioner's objections, granting in part and denying in part the respondent's motion to dismiss or, alternatively, for summary judgment, and granting as framed the petitioner's petition under 28 U.S.C. § 2241. ECF No. 44. In doing so, this Court implicitly concluded that the Inmate Financial Responsibility Program ("IFRP") is purely voluntary. The petitioner, Jeremy Fontanez ("Fontanez"), has now filed a "Motion to Clarify Order Pursuant to Fed. R. Civ. P. 60(a)." ECF No. 47. Specifically, Fontanez requests an express ruling on whether participation in the IFRP is truly voluntary, arguing that the program is compulsory based on the language of 28 C.F.R. § 545.11 and because refusal to participate in the program results in "sanctions." This Court directed the government to respond to Fontanez's motion. The government filed its response, and Fontanez

filed a reply.  Because Fontanez requests a ruling that would result in a change to the judgment, this Court construes his motion as one under Federal Rule of Civil Procedure 59(e).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use this motion to ask the court to "rethink what the court ha[s] already thought through—rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Fontanez argues that the IFRP is not truly voluntary because refusal to participate in the program results in "sanctions." However, refusal to participate in the IFRP deprives an inmate only of the privileges the inmate would receive by participating in the program. See 28 C.F.R. § 545.11(d).  "Prisoners are not entitled,

constitutionally or otherwise, 'to any of the benefits agreeing to participate in the IFRP would provide, such as work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level.'" Jordan v. Holt, 488 F. App'x 587, 588 (3d Cir. 2012) (quoting United States v. Lemoine, 546 F.3d 1042, 1049 (9th Cir. 2008)); see also Driggers v. Cruz, 740 F.3d 333, 338-9 (5th Cir. 2014) (concluding that the loss of privileges for failure to participate in the IFRP does not constitute a deprivation of an inmate's liberty interests under the Due Process Clause). Further, while Fontanez argues that the language of 28 C.F.R. § 545.11 indicates that the IFRP is mandatory, this Court finds no support for that argument in the text of § 545.11 or in relevant case law. Thus, this Court reaffirms its implicit conclusion that the IFRP is a purely voluntary program. Accordingly, Fontanez's motion (ECF No. 47) is DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the Clerk of Court for the United States Court

of Appeals for the Fourth Circuit, to the pro se petitioner by certified mail, and to counsel of record herein.

DATED: April 18, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE